IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY M. DUNFEE and | : | |
| DEBBIE L. DUNFEE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.: 08-CV-01425 |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                           **June 26, 2008**

The issue presented in this breach of contract and bad faith action is whether the Plaintiffs may remand the case to state court following Defendant's removal to Federal Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

**I.       Background and Introduction**

According to the Complaint, on February 23, 2007, Timothy Dunfee and Debbie Dunfee, Plaintiffs, suffered sudden and accidental direct physical damage to their insured property. Plaintiffs allege that Defendant Allstate Insurance Company breached its contractual obligations to pay Plaintiffs for the loss as covered under Defendant's policy of insurance. On February 25, 2008, Plaintiffs filed the present lawsuit in the Philadelphia County Court of Common Pleas. Since Plaintiffs' Complaint seeks damages in an amount less than $50,000, the case was designated for compulsory arbitration where the total amount of damages recoverable is capped at $50,000 pursuant to 42 Pa Cons. Stat. § 7361.[1]

---

[1] 42 Pa. Cons. Stat. Ann. § 7361 established compulsory arbitration in Pennsylvania and authorized Pennsylvania courts to create rules providing for compulsory arbitration. Civil cases must first be submitted to and heard by a board of three members of the bar of the court, except: 1) where the matter involves title to real property; or 2) "where the amount in controversy, exclusive of interest and costs,

1

On March 27, 2008, Defendant removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  On April 1, 2008, Plaintiffs filed a Motion to Remand the case to the Philadelphia County Court of Common Pleas, claiming the amount in controversy does not exceed $75,000.  Presently at issue is Plaintiffs' Motion to Remand.

According to the Complaint, Plaintiffs allege the amount in dispute for damages to Plaintiffs' property is $39,733.51.  Plaintiffs also contend, "as a result of Defendant's failure and refusal to pay benefits to Plaintiffs . . . as well as the mishandling of Plaintiffs' claim, Plaintiffs have suffered loss and damage in an amount not in excess of $50,000."  Compl. ¶ 8.  Count I of the Complaint alleges breach of contract and the *ad damnum* clause demands judgment "in an amount not in excess of $50,000 together with interest, costs, and damages for delay."  Compl. ¶ 10.  In addition, Count II of the Complaint alleges Defendant acted in bad faith toward Plaintiffs in violation of 42 Pa. Cons. Stat. Ann. § 8371.[2]  The *ad damnum* clause in Count II demands judgment for punitive damages, counsel fees, and interest on Plaintiffs' claim equal to the prime interest rate plus three percent, in "an amount not in excess of 50,000."   Compl. ¶ 14.

---

exceeds $50,000."  42 Pa. Cons. Stat. Ann. § 7361(b).  After arbitration, any party has the right to appeal to a trial de novo in common pleas court.  § 7361(d).  The procedural rules governing compulsory arbitration have been set out in both the Pennsylvania Rules of Civil Procedure and the Local Rules of the Philadelphia Court of Common Pleas.  Pa. R. Civ. Pro. 1301-13;  Phila. Local Rules 1301-1309.

[2]  Under 42 Pa. Cons. Stat. Ann. § 8371, in an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; and (3) assess court costs and attorney fees against the insurer.

## II.   Parties' Contentions

The parties agree that diversity of citizenship exists[3] but dispute whether the amount in controversy requirement has been satisfied. Defendant asserts that federal diversity jurisdiction exists since Plaintiffs may recover damages above $75,000, exclusive of interests and costs.

### A.   Plaintiffs

Plaintiffs move to remand this action to state court for several reasons. Specifically, Plaintiffs argue federal jurisdiction is lacking because the Complaint does not allege an amount in controversy above $75,000. Both Counts in the Complaint specifically seek damages "not in excess of $50,000." Since damages recoverable in compulsory arbitration are capped at $50,000, Plaintiffs argue the amount in dispute does not exceed the $75,000 jurisdictional minimum.

Moreover, Plaintiffs argue Defendant has failed to meet its burden of proving federal jurisdiction because Defendant has given no evidence to show Plaintiffs' claim exceeds the jurisdictional minimum. Plaintiffs stress that Defendant's only argument to support diversity jurisdiction is that "claims for punitive damages and attorney fees, amongst other relief, which if awarded, *could* exceed $75,000.00." (Pls.' Mot. Br. 6). Citing several cases from this District, Plaintiffs argue that since Plaintiffs have expressly limited their damages, a mere possibility that damages will exceed the jurisdictional minimum is not enough to establish removal jurisdiction.

### B.   Defendant Allstate

Defendant responds that Plaintiffs are not entitled to remand this action for two main reasons. First, Defendant argues that "it is certainly possible for the damages to meet or exceed the jurisdictional limit of $75,000." (Def.'s Mot. Br. 6). Plaintiffs' Complaint seeks

---

[3] Defendant is incorporated under Illinois state laws with its principal place of business in Illinois, and Plaintiffs are citizens of Pennsylvania.

3

compensatory damages of $39,733.51 for property loss and requests punitive damages and attorney costs for alleged bad faith. Defendant asserts that "even a 1:1 ratio of punitive damages to compensatory damages is all that is necessary" to meet the jurisdictional requirement. (Def.'s Mot. Br. 6). In addition, even if no punitive damages are awarded, an award of attorney costs alone could satisfy the jurisdictional minimum for removal. Defendant contends that unless Plaintiffs are admitting they have filed an utterly frivolous and baseless claim for bad faith, remand is not proper and the amount in controversy must exceed $75,000.

Second, Defendant objects to Plaintiffs' contention that compulsory arbitration prevents the amount in controversy from exceeding the $75,000. Even though damages in arbitration are capped at $50,000, Defendant argues that Plaintiffs may recover more than $75,000 by appealing the arbitration award. Also, Plaintiffs can amend the complaint, remove the *ad damnun* clauses, or remove the case from arbitration after the one-year period to remove a case has expired. Defendant argues this situation leaves the Defendant powerless to remove the lawsuit, but permits the Plaintiffs to recover damages in excess of $75,000. Therefore, Defendant contends that a case in arbitration may involve an amount in controversy above $75,000 and does not necessarily preclude federal diversity jurisdiction.

### III. Legal Analysis

#### A. General

A civil action may be properly removed from state court to the federal district court if the district court has jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over cases where there exists complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). If the district

court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Thus, in order to succeed, a motion for remand must illustrate that federal jurisdiction does not exist.

Plaintiffs move to remand this case to state court pursuant to 28 U.S.C. § 1447 based on lack of diversity jurisdiction. Presently at issue is whether this Court exercises subject matter jurisdiction over Plaintiffs' claims. Since the parties agree that diversity of citizenship exists, the only issue to be resolved is whether the amount in controversy requirement has been satisfied.

### B.    The Legal Certainty Standard

For purposes of removal of a case, the amount in controversy is generally decided from the face of the complaint. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993). The burden of establishing federal jurisdiction rests with the party attempting to invoke jurisdiction in a removal case. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990); See also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

The amount of proof needed to ascertain the requisite amount in diversity removal cases and to establish federal jurisdiction has not always been clearly defined by the Third Circuit. However, in 2004, in Samuel-Bassett v. Kia Motors, 357 F.3d 392 (3d Cir. 2004), the Court adopted the "legal certainty" test as the standard to be applied in amount in controversy challenges. To satisfy this standard, it must be evident to a legal certainty that the plaintiff cannot recover an amount greater than the 75,000 required for diversity jurisdiction.[4] Then, in 2006, in Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006), the Third Circuit addressed how the legal certainty test should be applied to class action lawsuits when plaintiffs have expressly limited the amount in controversy in their complaint. However, there has been confusion and disparity in

---

[4] While this is the present interpretation of the Samuel-Bassett legal certainty standard, as described below, there was disparity in the District Courts regarding the interpretation of Samuel-Bassett.

the District Courts of this Circuit regarding how to apply the legal certainty standard.[5]  In November 2007, in Frederico v. Home Depot, 50 F.3d 188 (3d Cir. 2007), the Third Circuit clarified Samuel-Bassett and Morgan by explaining the situations when Morgan applies and when Samuel-Bassett applies.  The rulings of these three Third Circuit cases instruct the analysis in the instant case.

1. **The Third Circuit adopts the Legal Certainty Test in Samuel-Bassett**

In Samuel-Bassett v. Kia Motors, 357 F.3d 392 (3d Cir. 2004), the Third Circuit ruled that the "legal certainty" standard should be used to determine whether an action meets the amount in controversy requirement.  In Samuel-Bassett, the Court interpreted the U.S. Supreme Court's decision in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), which addressed the burden of proof in removal cases.  In Red Cab, the rule for determining whether a case involves the requisite amount for diversity jurisdiction is whether:

> "from the face of the pleadings, it is apparent, to a **legal certainty, that the plaintiff cannot** recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Red Cab at 289. (emphasis added).

Therefore, Samuel-Bassett held that when relevant facts are not in dispute the District Courts should adhere to the legal certainty test of Red Cab.[6]

---

[5] See Valley v. State Farm, 504 F.Supp.2d 1 (E.D. Pa. 2006) (noting that "the standard of proof for showing the jurisdictional amount has been met is not clear," and finding that the legal certainty standard of Samuel-Bassett is that it must appear to a legal certainty that the plaintiff cannot recover the $75,000 jurisdictional minimum). But see Howard v. Allstate, 2006 WL 2818479 at *1-2 (E.D. Pa. 2006) (ruling that the removing party must prove to legal certainty the amount in controversy exceeds $75,000).

[6] Also, the Samuel-Bassett Court recommended that the District Courts adhere to the "legal certainty" test cited in such cases as Meritcare Inc. v. St. Paul Mercury Insurance Co., 166 F.3d 214, 217 (3d Cir. 1993) ("When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded"); Packard v. Provident Nat'l Bank, 994 F.2d 356, 358 (3d Cir. 1985) ("When it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed"); Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985) (district court properly applied the legal certainty test announced in Red Cab);  and Nelson v. Keefer, 451 F.2d 289, 293 (3d Cir.1971) (the test for determining if the plaintiff has claimed the necessary jurisdictional amount in "good faith" is that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal).

6

**2.      The Third Circuit applies the Legal Certainty Test in <u>Morgan v. Gay</u>**

Two years after <u>Samuel-Bassett</u>, the Third Circuit in <u>Morgan v. Gay</u>, 471 F.3d 469 (3d Cir. 2006) provided more complete rules for the district courts to decide amount in controversy challenges.  In <u>Morgan</u>, the Court established three main rules for applying the legal certainty standard in cases where the complaint expressly limits the amount in dispute to less than the jurisdictional minimum.  The rules from <u>Morgan</u> are important to the instant case since the Complaint expressly limits the amount in dispute to an amount "not in excess of $50,000."

In <u>Morgan</u>, the plaintiffs brought a claim under the Class Action Fairness Act (CAFA) that requires an amount in controversy greater than $5 million to support diversity jurisdiction.  CAFA is silent as to the extent of the party's burden to meet the amount in controversy requirement.  <u>Id</u>. at 472.  The <u>Morgan</u> complaint expressly limited the amount in dispute to an amount lower than the jurisdictional threshold.  The plaintiffs sought compensatory and punitive damages but stated that "the total amount of such monetary relief for the class as a whole shall not exceed $5 million in sum or value."  <u>Id</u>. at 471.

There are three main rules from <u>Morgan</u> that are essential to the instant case.  First, the Third Circuit found that the party wishing to establish federal jurisdiction has the burden to prove "to a legal certainty that the amount in controversy exceeds the statutory threshold." <u>Morgan</u> at 474.  (i.e. the removing party must show the amount in dispute is greater than $5 million, or $75,000 depending on the jurisdictional minimum).  Second, the Court found that since the plaintiff is the master of the case, "a plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold."[7]  <u>Morgan</u> at 474.  Third, the

---

[7] The Third Circuit looked to the Seventh Circuit case of <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446 (7th Cir. 2005) for persuasive authority on how to apply the legal certainty test in cases where the complaint limits the amount in dispute.  <u>Brill</u> at 449 (holding that because the plaintiff is the "master of the case" and "may limit his claims to keep the amount in controversy below the threshold," the removing party must show "not only what the stakes of the litigation could be, but also what they are

Morgan Court ruled that even if a plaintiff states that her claims fall below the jurisdictional minimum, the "plaintiff's pleadings are not dispositive under the legal certainty test." Id. at 474. The Court must "look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." Morgan at 475. For example, if the plaintiff limits the amount in controversy to avoid diversity jurisdiction, the court is not required to merely accept the amount offered by the plaintiff; a Court must also analyze the legal claims to determine what amounts are really at stake in the case. Id. at 475.

### 3. The Clarification of the Legal Standard in Frederico v. Home Depot

Following the decisions in Morgan and Samuel-Bassett, it was not quite clear when Morgan should apply and when the legal certainty standard of Samuel-Bassett should apply. In Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007), the Third Circuit clarified the current state of the law and the standard of proof needed to meet the amount in controversy requirement. The Court noted, "we are aware that the quantum of proof to be used in ascertaining the requisite amount in removal cases sounding in diversity has caused some disagreement among the district courts of this circuit." Frederico at 193. The Third Circuit reconciled the rules of Samuel-Bassett and Morgan and provided a clearer and more consistent roadmap for district courts to apply the legal certainty test. Frederico does not purport to state a new legal standard for proving diversity jurisdiction; but merely helps spell out the legal rules and explains how to apply the legal certainty test in amount in controversy challenges.

The Frederico court distinguished Morgan from Samuel-Bassett because the plaintiff in Morgan expressly limited the amount in controversy to an amount lower than the jurisdictional requirement; in contrast, the claims in Samuel-Bassett did not involve such limitations on the

---

given the plaintiff's actual damages") (quoted in Morgan at 474).

amount in dispute. Id. at 195. In Frederico, the Court held that Morgan applies in cases, such as the instant case, where the complaint specifically limits the amount in controversy to less than the jurisdictional minimum. In such cases, the proponent seeking removal has a higher burden, and must prove to a legal certainty that the amount in controversy exceeds the statutory threshold (i.e. the removing party must show it is legally certain the amount in dispute exceeds $75,000). Id. at 196. In contrast, the Court held that Samuel-Bassett applies in cases where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum. In such cases, the challenger to federal jurisdiction has the burden to prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold (i.e. the party seeking remand to state court must establish it is legally certain that the amount in dispute will not be greater than $75,000).[8] Therefore, the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover $75,000. Id. at 197.

### 4. Application of Morgan v. Gay

Following the decision in Frederico, in cases where the complaint expressly limits the amount in dispute, the Morgan framework applies. The three main rules of Morgan have resolved the issue of whether a complaint limiting damages for compulsory arbitration also serves to limit the amount in controversy below $75,000 for jurisdictional purposes. In two cases in this District, Espinosa v. Allstate, 2007 WL 1181020 (E.D. Pa. 2007) and Punzak v. Allstate, 2007 WL 1166087 (E.D. Pa. 2007), Judge McLaughlin applied the legal standards of Morgan and concluded that, where the complaint expressly limited damages to $50,000 for purposes of arbitration, the amount in controversy does not meet the $75,000 jurisdictional minimum.

---

[8] The Frederico court interpreted the Samuel-Bassett legal certainty test as the same standard as Red Cab, which requires the party to show to a legal certainty that the plaintiff cannot recover the amount claimed. Red Cab at 289.

In <u>Espinosa</u>, Judge McLaughlin found that <u>Morgan</u> resolved prior confusion.[9] The <u>Espinosa</u> Complaint alleged breach of contract and bad faith. The plaintiff sought compensatory damages, punitive damages, and attorney fees. Each of the two Counts in the complaint included an *ad damnum* clause requesting judgment in "an amount not in excess of $50,000." <u>Espinosa</u> at 2. Although the complaint did not state the dollar amount claimed was owed to the plaintiff under the insurance policy, the plaintiff attached to the complaint an itemized estimate, which calculated $9,183.10 in property damage. <u>Espinosa</u> at 1.

Applying <u>Morgan</u>, Judge McLaughlin remanded the case because the complaint's *ad damnum* clauses limited the amount in controversy to $50,000. <u>Id.</u> at 4. First, under the <u>Morgan</u> rule, even if a plaintiff states that her claims fall below the threshold, the court "must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." <u>Morgan</u> at 474. In other words, even if the complaint requests an amount below $75,000, the court must examine whether the actual monetary demands at stake in the lawsuit, added together, exceed the minimum. Second, under the <u>Morgan</u> rule, "a plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold." <u>Morgan</u> at 474.

In <u>Espinosa,</u> Judge McLaughlin first looked beyond the pleadings and examined state law to understand the legal effect of the *ad damnum* clauses and to determine the amount actually at issue. Ordinarily, under Pennsylvania state rules, *ad damnum* clauses are not permitted for unliquidated claims like a claim for punitive damages. Pa. R. Civ. Pro. 1020(b). However, there

---

[9] <u>Espinosa</u> at 3. ("It had previously been an open question in this circuit whether a plaintiff's decision to limit her claim to less than the jurisdictional amount controlled the amount in controversy." Ruling that "the recent decision in <u>Morgan v. Gay</u> resolved this issue.") (citing <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 146 n. 4 (3d Cir. 1993) (declining to address whether a plaintiff's express limitation of her claim to less than the jurisdictional amount required remand)); (also citing 14B Charles Alan Wright, et al. Federal Practice and Procedure § 3702 at 46-47 (West 1997) ("Under well-settled principles, ... if the plaintiff chooses to ask for less than jurisdictional amount only the sum actually demanded is in controversy")).

is an exception for complaints filed in counties, such as Philadelphia County, that have compulsory arbitration. In these counties, "the plaintiff shall state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral under local rule." Pa. R. Civ. Pro. 1020(c). In Espinosa, the action was placed in compulsory arbitration since Plaintiff sought damages "not in excess of $50,000." Therefore, Pennsylvania state law "gives legal effect to the *ad damnum* clauses in Ms. Espinosa's complaint." Id. at 4.

Then, applying the second Morgan rule, Espinosa held that since *ad damnum* clauses were "permitted by state laws" that authorized compulsory arbitration, a plaintiff may "limit her monetary claims to avoid the jurisdictional threshold." Espinosa at 4 (quoting Morgan at 474). Judge McLaughlin held that since the plaintiff is permitted under state law to limit damages to $50,000 for purposes of arbitration, the amount in controversy falls below $75,000 and the case must be remanded.

Moreover, in Punzak, Judge McLaughlin applied the three rules of Morgan using similar reasoning as Espinosa. The complaint sought compensatory damages, punitive damages, and attorney fees and expressly limited the claims to "an amount not in excess of $50,000." Punzak at 1. Although the complaint did not state the dollar amount of damages requested, an attached itemized estimate calculated $37,348.59 in property damage. Applying the rules of Morgan, Judge McLaughlin reasoned that because *ad damnum* clauses were "permitted under state law" that authorized compulsory arbitration, the plaintiff may "limit monetary claims to avoid the amount in controversy threshold." Id. at 3 (quoting Morgan at 474). Thus, the court held that the *ad damnum* clauses limited the amount in controversy to $50,000, which does not meet the $75,000 jurisdictional minimum, and remanded the case to state court. Id. at 3.

11

### C. This Action is not removable to Federal Court on the face of the Complaint because the removing party has not shown to a legal certainty that the amount in controversy exceeds the $75,000 jurisdictional minimum.

In analyzing whether removal was proper, this Court must first look at the allegations in the Complaint. Angus v. Shiley Inc., 989 F.2d 142, 145; Samuel-Bassett at 398-99. Under Frederico, if the complaint expressly limits the amount in controversy to an amount below the jurisdictional minimum, then Morgan applies. Frederico at 197. In the instant case, each of the two Counts of the Complaint includes an *ad damnum* clause, which expressly limit damages requested "to an amount not in excess of $50,000." Compl. ¶ 10, 14. Thus, this Court must apply the three main rules of Morgan.

First, under Morgan, this Court "must look to see if the plaintiff's actual demands in the aggregate exceed the threshold," even if the plaintiff states the claims fall below $75,000. Morgan at 474. Looking beyond the pleadings to consider the actual monetary demands at stake in the lawsuit, this Court recognizes that Pennsylvania state law grants legal effect to the *ad damnum* clauses in Plaintiffs' Complaint. Ordinarily, *ad damnum* clauses are not permitted for unliquidated claims like punitive damages. Pa. R. Civ. Pro. 1020(b). However, in counties, such as Philadelphia County, that have compulsory arbitration, state law requires the plaintiff to state whether "the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral." Pa. R. Civ. Pro. 1020(c). Plaintiffs allege the amount of damages does not exceed $50,000, so the action was referred to compulsory arbitration pursuant to 42 Pa. Cons. Stat. Ann. § 7361.[10] Since Plaintiffs are permitted under Pennsylvania law and Philadelphia Local Rules to limit the amount of damages claimed for purposes of arbitration referral,

---

[10] The procedural rules governing compulsory arbitration have been set out in both the Pennsylvania Rules of Civil Procedure and the Local Rules of the Philadelphia Court of Common Pleas. Pa. R. Civ. Pro. 1301-13; Phila. Local Rules 1301-1309.

12

Plaintiffs acted properly in limiting damages in the *ad damnum* clauses to an amount "not in excess of $50,000." Therefore, this Court grants legal effect to the *ad damnum* clauses in Plaintiffs' Complaint.

Second, under Morgan, "a plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold." Morgan at 474. The *ad damnum* clauses limiting damages to $50,000 are permitted under Pennsylvania laws governing compulsory arbitration. See 42 Pa. Cons. Stat. Ann. § 7361; See also Pa. R. Civ. Pro. 1020(c). Since the limitations in the *ad damnum* clauses are "permitted under state law," Plaintiffs in this action may limit their monetary claims "to avoid the amount in controversy threshold." Id. In the instant case, it is clear that the Complaint's *ad damnum* clauses, limiting damages for the purposes of arbitration, also serve to limit the amount in controversy to less than $75,000 required for federal diversity jurisdiction.

Third, under the Morgan standards, "the proponent seeking removal must prove to a legal certainty that the amount in controversy exceeds the statutory threshold." Morgan at 474. This Court finds that the removing party, Defendant, has not shown to a legal certainty that the amount in dispute exceeds $75,000. Specifically, in Defendant's Notice of Removal, Defendant states, "claims for punitive damages and attorney fees, amongst other relief, which if awarded, *could* exceed $75,000.00." (Def.'s Notice of Removal 2) (emphasis added). Also, in Defendant's response to Plaintiffs' Motion to Remand, Defendant states, "it is certainly possible for the damages to meet or exceed the jurisdictional limit of $75,000." (Def.'s Mot. Br. 6). Defendant's argument that damages "could" exceed $75,000 or that it is "certainty possible" to exceed $75,000 does not prove it is legally certain the amount in controversy exceeds $75,000.

This Court remands the instant action to state court because Plaintiffs properly limited the amount of damages in the *ad damnum* clauses to "an amount not in excess of $50,000," which falls below the $75,000 jurisdictional minimum, and Defendant has not shown to a legal certainty that the amount in controversy exceeds $75,000.

**IV**. **Conclusion**

For the reasons stated above, the Plaintiffs' Motion for Remand will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMONTHY M. DUNFEE  and | : | |
| DEBBIE L. DUNFEE | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO.: 08-CV-01425 |
| | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |

**ORDER**

AND NOW, this 26th   day of June, 2008, it is hereby ORDERED that Plaintiffs' Motion to Remand (Doc. No. 3) is GRANTED.  Defendant's Motion for Judgment on the Pleadings (Doc. No. 7) is DENIED as MOOT.  The Clerk shall close the case.


BY THE COURT:


  /s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.


A:\08-1425 Dunfee v. Allstate - Memo Motion to Remand.wpd

15